CLIFTON, Circuit Judge,
concurring in part and dissenting in part:
I agree with and join in the per curiam opinion except for Section III.B., regarding the ALJ’s summary determination of the penalty imposed on DLS. On that issue, the majority concludes that the determination of the penalty amount by the ALJ through summary adjudication was proper even though there was an unresolved factual issue regarding the ability of DLS to pay a substantial penalty. I disagree and conclude that the determination of the penalty on the equivalent of summary judgment was improper.
My disagreement with the majority on that subject is ultimately fairly narrow but still significant. I agree with the majority opinion that “[t]he summary decision standard under 28 C.F.R. § 68.38(c) is essentially the same as the standard in civil litigation for a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.” Majority at 1088. See Getahun v. O.C.A.H.O., 124 F.3d 591, 594 (3d Cir. 1997) (“The standards governing the entry of summary judgment under Fed. R. Civ. P. 56(c) in federal court cases are applied in determining whether summary decision under 28 C.F.R. § 68.38(c) is appropriate in OCAHO cases.”). The majority and I agree that ability to pay is not a factor that the ALJ is required to consider under the statute but is a factor that may be considered.[1] Id. at 1088. And, we agree that the ALJ did not resolve the factual issues regarding the ability of DLS to pay. Instead, the ALJ stated, as accurately reported by the majority opinion at 1088, that “[t]he company’s cryptic submis *1091 sions about its ability to pay raise more questions than they answer.”
I disagree, however, with the assertion of the majority that the ALJ decided not to consider ability to pay as a factor in determining the penalty imposed on DLS. The majority states, at 1089, that the ALJ “chose to give that factor no weight,” and, at 1088, that she “ultimately found DLS’s evidence did not raise a genuine issue of material fact.” But the ALJ decision never said either of those things. To the contrary, the decision, in so many words, said that the evidence on ability to pay was considered and that it raised unresolved factual questions: “The company’s cryptic submissions about its ability to pay raise more questions than they answer, but these have been considered as well.” (Emphasis added.)
More broadly, the majority assumes that the ALJ could disregard the unresolved factual issue because that issue could never be “material” for purposes of precluding summary decision: “Because it was within the ALJ’s power to decline to consider this factor at all, DLS’s ability to pay was not a material issue of fact that would preclude summary determination of the penalty amount.” Id. at 1088 (emphasis in the original). The proposition that factual issues can be disregarded if they pertain to a discretionary factor is not supported by law or logic.
The majority’s assertion misunderstands the concept of materiality. The test for materiality is whether the dispute of fact may affect the outcome. “As to materiality, the Supreme Court has held that ‘[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.’ ” Hamby v. Hammond, 821 F.3d 1085, 1090 (9th Cir. 2016) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
Once the ALJ considered the evidence regarding the ability of DLS to pay in determining the penalty amount, as she said she did, a factual finding as to the actual ability of DLS to pay was something “that might affect the outcome.” If the ALJ had obtained answers to the “questions” to which she referred, she might have found that the company could not pay a penalty in the amount that she imposed, so the amount of the penalty might have been different. That meant that the factual issue was material. The failure to resolve the dispute over the ability of DLS to pay should have precluded a summary resolution of the penalty amount.
Discretionary factors can be material for summary judgment purposes. See, e.g., Adams v. Rice, 531 F.3d 936, 949 (D.C. Cir. 2008) (reversing' grant of summary judgment regarding Americans with Disabilities Act claim because genuine issues of material fact existed as to factors court “may” consider but was not required to under 29 C.F.R. § 1630.2(j)); RP Baking LLC v. Bakery Drivers and Salesmen Loc. 194 and Indus. Pension Fund, Civ. No. 10-3819 ES, 2012 WL 1079649, at *10-11 (D.N.J. Mar. 30, 2012) (denying summary judgment as to ERISA claim based on existence of genuine issues of fact with respect to two discretionary factors).
The agency involved in this case has itself recognized that disputed factual issues should not be resolved by summary decision. See, e.g., United States v. Dominguez, 1997 WL 751154, at *6 (O.C.A.H.O. Oct. 17, 1997), modified on other grounds by United States v. Dominguez, 7 OCAHO 972, 1997 WL 1051466 (Oct. 17, 1997) (“Issues such as Respondent’s ability to pay the penalty ... are. relevant and are in dispute. It is inappropriate to attempt to resolve these disputed issues by summary *1092 disposition. Thus, I conclude that there are genuine issues of material fact that preclude summary disposition of the penalty issue.”).
It is telling that the majority does not dispute that discretionary factors can be material for summary judgment purpose.[2] It acknowledges the Dominguez decision, at 1089 n.2, and attempts to distinguish it only with its erroneous assertion that the ALJ decided in the case before us not to give consideration to the ability to pay factor. That is not what the ALJ said.
To the contrary, the ALJ was explicit in her decision in explaining how she treated the evidence regarding the ability of DLS to pay. She recognized that DLS had submitted evidence relevant to that factor but declined the request for a hearing because, in the words of the decision, “the suggestion that a hearing is required as to an issue that is unnecessary to the decision is not one that commands instant assent. No hearing will be convened.” As for the evidence that had been submitted, the decision continued: “consideration of DLS’ economic position as a matter of discretion will be limited to review of the evidence the company presented.”
The decision itself established that the ALJ elected to consider the ability to pay factor, but also that she entirely disregarded the summary decision standard because she viewed the consideration of that factor as discretionary—the same position that the majority tries to-disavow. Even though the decision stated the evidentiary submission “raised more questions than they answered,” the ALJ closed the door to additional evidence, failed to make any factual finding on the subject,' and rendered a summary decision. The majority fails to account for what the ALJ actually said in her decision. Summary judgment is not a route to avoid resolving factual issues that could affect the outcome.
At the summary decision stage, the court’s function is not to weigh the, evidence and determine: the truth, but to determine whether there is a genuine and material issue that requires further opportunity to present evidence to the trier of fact. See Anderson, 477 U.S. at 249, 106 S.Ct. 2505, At summary decision, the evidence of the nonmovant is “to be believed, and all justifiable inferences are to be drawn in his favor.” Id. at 255, 106 S.Ct. 2505. That did not happen here. Based on the available evidence, there was no way for the ALJ to know whether DLS could have paid the amount of the penalty that was imposed. The financial condition of DLS and its ability to pay a substantial penalty presented an unresolved factual issue that should have precluded determination of the amount of the penalty on summary decision.
In my view, the petition for review should be granted as to the amount of the *1093 penalty and that issue should be remanded to the agency for further proceedings. I respectfully dissent.

. I do not believe that a decision by an ALJ not to consider a factor that is not listed in the statute is something that is unreviewable. The failure to consider such a factor could, in certain circumstances, amount to an abuse of discretion. It is not left entirely to the ALJ’s whim to decide what factors should be considered. In this .instance, though, the ALJ said that she considered the evidence submitted concerning the ability of DLS to pay.

. If is similarly telling that the majority does not attempt to justify the failure to consider ability to pay in this case. The evidence submitted by DLS included an affidavit of its Director of Business Development which stated that, in fiscal year 2013, DLS suffered net losses in the amount of $699,489, and in the first quarter of fiscal year 2014, in the amount of $469,226. ICE offered no evidence to refute this. The ALJ did not find that statement to be incorrect or incredible. She simply said that the evidence raised more questions than answers. She did not find that DLS was capable of paying the penalty of $305,050 that she assessed. Neither did she explain why the ability of DLS to pay a penalty was not a factor that should be considered. The majority does not offer any explanation, either. Although the majority says that it was within the ALJ’s discretion to give this factor "zero weight” despite this evidence, we have observed that "[a]n abuse of discretion is ... discretion exercised to an end not justified by the evidence.” Rabkin v. Oregon Health Sciences Univ., 350 F.3d 967, 977 (9th Cir. 2003).